Good morning, ladies and gentlemen. We have a number of cases submitted on the briefs, and the first case for oral argument is United States v. Taylor. You may proceed. Thank you, Your Honors. May I reserve three minutes for reply? Certainly. May it please the Court. Doug Beavers for Arnold Taylor was at home waiting for his probation officer to decide what kind of inpatient drug treatment program to put him into. The Constitution is not always convenient. It is, of course, easier if judges can delegate to probation officers the decision as to whether or how long a treatment program should be. But in a case where the statutory maximum sentence is three years in prison followed by three years of inpatient treatment, the decision as to how much of that will be served in inpatient treatment feels to my client like the nature and extent of his punishment. So can I ask you, I know you're familiar with our recent decision in United States v. Nishida, and what Nishida distinguished between were two different possible problems, a duration problem and then a nature problem. And obviously Nishida found fault on the nature side of the house because the provision there wasn't clear as between inpatient or outpatient. Do you think there's a nature problem here or just a duration problem? I think it is a nature problem because the difference between one day of inpatient treatment and one year of inpatient treatment is extremely, is totally different. But that's an extent problem, it seems to me. The judge said, circling back to Judge Press's question, the judge said it's going to be inpatient treatment, right? I think of that as the nature of the treatment. Yes. But he didn't say anything about, well, he said something about the extent, the duration. He said the probation officer is going to decide up to a year. So I'm having trouble with your answer that you think this is a nature problem as opposed to an extent problem. Well, I think it is, in a sense, it is duration because it has to do with how long, literally, but I think that it feels completely different, one year versus one month. It's a different type of treatment. These are... Well, it is a duration issue, though. I mean, it may feel different, but it's a duration issue. And let's assume, hypothetically, it is a duration issue. How does that fit within our case law? Well, the court has previously said that the nature and extent of punishment is a decision that cannot be delegated. And extent, I understand it as being essentially the same thing as duration. So let's assume that we agree with that. Then what do we do? Because I'm trying to figure out practically, logistically, what is a district court to do? If a district court decides that it's someone who has repeatedly failed treatment and really needs inpatient treatment, it's a conundrum, isn't it, because district court judges aren't drug rehab experts and it seems there would need to be a periodic reporting or something. At the front end, when the judge is imposing the sentence, how is the judge supposed to know what is the appropriate time? Well, I think that in reality, I think that district judges are very familiar with programs, and that's because of the split sentence option which judges are given in 7B as to how there they clearly decide how much of a sentence to split. And the parties often dispute as to whether someone should be three months in a program followed by three months in jail followed by three months in a program or five and five. What's the delegation objection here? Because the judge basically said, well, you're going to have up to a year, and the probation officer has discretion to, he can't go above that, but he can go below that. Why isn't that sufficient boundary? Because the decision is so large, it wouldn't be a delegation if the judge said, I order him to go to a year of inpatient drug program. That would be clearly legal, but the reality is that that's difficult to find. The programs tend to be different sorts, and the decision as to which program they could give is the probation officer still has to decide it and pick a specific program. I guess the difficulty somewhat is how is this consistent with our cases? Because Nishida, for example, that was a plain error case, so it may not formally control. But the logic of that case was if there's a definite term, it's not a non-delegation problem to give the probation officer the authority to operate within that term. That seems to be the argument you're making that's sort of contrary to the reasoning of Nishida. Well, I think that in Nishida dealt with the issue of either or. And in Nishida, if the court had construed it as being a delegation that it could have been up to the The only difference was there was no requirement for one day of treatment. In Mr. Taylor's case, there is literally a requirement for one day of inpatient treatment. Counsel, could I ask a related question? The district court was probing on the transcript to figure out what kind of inpatient treatment was being recommended. And he asked that very question, and the response was, I would assume that the most common one would be like a well-spaced program. But, of course, we don't know what a well-spaced program is. So I don't know the extent to which that is a 24-7 program or the extent to which Liberty is being deprived there. The normal way that the programs work is the first 30 days is lockdown, inpatient. It feels like prison, and then it slowly escalates down over the next few months. Okay. Let me ask you this. If a judge at the front end were to say inpatient treatment, so we have the nature of the treatment, up to six months, nine months, whatever, but provide an outer end, and then we were to construe that as, at that point, the probation officer could make a recommendation to the court, would that be sufficient? I would say no, because the Constitution requires the judge to decide. And so my hypothetical was that the probation officer could just make a recommendation to the judge, and the judge would so then presumably there would be some kind of track record about how the treatment is going, but the judge would be deciding whether the inpatient treatment was going to continue up until that maximum originally imposed or not. I think the way that that would have to work would be that instead of giving the probation officer the delegation, for the judge to decide what program he would want, say six months, and that the fallback would be if the program releases him to find another form of community confinement, such as a halfway house, or there's other non-treatment options that are equally restrictive, but if there's nothing available, it's very easy to come back to the judge and say, we don't have any place, they want to release him, you just sign a paper and release him, but it's the judge's call, it's annoying. Thank you. Is there any case that's imposed these limits that you're asking for? No. No cases have asked for it to be that way. The only analogies would be with real types of prison sentences. Thank you. Thank you. Good morning. May it please the court. Austin Bennett on behalf of the United States. Before I get into my argument, I would like to address a few points and questions that the bench raised. In terms of whether this is a duration issue or a nature issue, it is a duration issue. It's timing. The court here specifically determined inpatient, and the issue is whether the timing is permissible. And under this court's decision in Nishida, the district court was well within. Why is that? Nishida was a plain, as Judge Bress indicated, it was a plain error case, and the argument there was, my goodness, this is indefinite, and so really all that had to be decided there was whether it was indefinite, and there was an overall limit to the period of supervised release. So I'm not sure how that helps us. The reasoning, I think, is instructive. The court specifically looked at duration versus intensity, and the intensity was determined to be the nature of the treatment, inpatient. But the duration itself, the court discussed specifically that the district court could impose or, excuse me, the probation officer could determine that Nishida could be subject to one to three years of inpatient treatment at the discretion of the probation officer. It's really tough to square with our Stevens case. If that's the way we were to interpret that, and it's, just speaking for myself, it's not the way I interpret it because it's a plain error review case. But Stevens talks about, you know, under some circumstances, inpatient treatment starts to resemble incarceration and really has to be decided by a district court judge. Yes, and in fact it was decided by the district court here. The district court specifically mandated that. Right, right. But that's why Nishida is pretty distinguishable, readily distinguishable, it seems to me. I think we agree that, it sounds like you agree that this is an extent problem, a duration problem. So it just seems like this should come up more often. What do judges do in this circumstance? They get a recommendation from the probation officer, presumably at the front end, at sentencing, and then what do they do? It's discussed at the sentencing hearing exactly what kind of treatment the particular offender requires, and the court considers the history of that particular defendant and takes into consideration the probation officer's recommendation. I'm making a more, I'm trying to ask a more specific question. I appreciate that. And this judge decided on inpatient treatment. But what does the judge do at the front end, typically? Is it just a finite term, or is it routine that a judge would look to a probation officer to just set an upper limit and then allow that to get ratcheted down at the discretion of the probation officer? I think it varies judge by judge. But here, there was a specific duration set. Well, there was an upper limit. It's up to 365 days, right? Correct. And that's important because the probation officer is in the better position of knowing exactly what the offender's needs are and what kind of treatment would be beneficial to that individual. Oh, excuse me. Go ahead. If the probation officer decides after two months that Mr. Taylor no longer needs inpatient treatment, he can make that decision on his own? He doesn't have to go back to the judge? Well, the specific condition at issue here says that the probation officer, in consultation with the treatment provider, will determine. Okay, so let's imagine he does that. But the question was he wouldn't have to go back to the judge. He doesn't have to go back to the judge and ask for permission to release him from the inpatient treatment. That's correct. What about the flip side? What about a patient who says, my treatment provider agrees. I'm ready to go after six months. And the probation officer says, no, you need to stay another six months. Well, the district court And then in that, this is hypothetical, to be sure. But don't we need to be concerned that then the probation officer is the one making the decision that this person is going to stay in a circumstance that we've said in ESPARZA can start to resemble incarceration? Well, the district court does maintain discretion to modify the conditions of release at any time. So does that mean the answer would be if the probation officer said, no, you have to stay there, the answer would be that the individual would need to file a motion for modification? Potentially, yes. And that would get the person back in front of the district judge to review those conditions. Can I ask you, so I take it by the logic of your position, what the district court could not do was just have a special condition that says the probation officer shall supervise inpatient treatment for as long as the probation officer deems appropriate with no upper limit, right? Would you agree you can't do that? Well, the limit would be set by the period of supervised release. Okay. Well, here it wasn't. It was actually tighter. And so that was true in Neshita where it was set effectively by the upper bounds of the five-year period. What if that period is long? I mean, what if it's ten years? Are there any limits that you would, is there any point at which we would say, okay, well, that's really too long? Well, I think it's important that whatever duration would be cabined by the period of supervised release. So in other words, the government's position is that if Neshita had not been on plain error review, but if there had been the specification by the court of inpatient treatment and five years overall supervised release, that that would be affirmable even if he had objected? I believe so, because ultimately the question under Booker would be whether the sentence is reasonable. So if the court has provided sufficient justification like the court did in a very brief history and characteristics, as well as his noncompliance on supervised release, then it could be affirmed by the court. Do you think it would be possible under the Constitution for a district judge to say, I'm imposing 365 days, but the probation officer may reduce that? I believe so if the probation officer is consulting with the treatment provider, again, who is in a better position to determine the needs, the rehabilitative needs of the defendant, which is... Well, how can that be reconciled with Stevens, where we said the district court has to determine the nature and extent? Well, the district court is imposing the condition, subjecting the person to the condition. And under Stevens, it is permissible to delegate to the probation officer to choose that program and to supervise the offender's participation in that program. But we're talking about extent, not the other conditions or terms. We're talking about extent. Correct. But if the treatment provider, as well as the probation officer, the offender is doing very well in treatment, perhaps that person could be released early from that period. I mean, if it wasn't done this way, how would it be done? You would basically either have to set a finite period for a year, and then if it turned out that wasn't necessary, the probation officer would have to come back to the judge and say, one year turns out to be too much. Alternatively, you could set it basically for 30 days, and then people would have to come back to the judge every 30 days to get an extension. This basically just puts an outer limit on it, and the probation officer can go up to that limit. And if the defendant needs to seek a modification, then there's a provision that they can use to try to do that. That's correct. And flexibility is incredibly important here because the district court is not intimately familiar with the various treatment programs that are offered in a particular area. And this is particularly important because these programs are severely impacted, so there isn't always bed space available. So if the court were to impose a condition that said, this person needs to do one year, that severely limits the available treatment options. But why couldn't the judge – I'm not sure why it's an all or nothing. Why couldn't the judge say an upper limit, one year, and designate inpatient treatment, but allow that if the person is doing well, the probation officer can come back and seek permission to have it reduced? It wouldn't have to be every 30 days, in other words. It would still be an upper limit. But it would also be the judge making the decision about the duration. That's what I'm trying to – that's what's troubling me. So is the court's question whether the condition should be fashioned so that the upper limit is one year, but it specifically mandates that the probation officer can come back? Oh, no, no. It allows, not mandates. It allows one year. So the judge says it's going to be inpatient and it's going to be up to whatever you want, six months, nine months, one year, whatever. All right? But allows that if the person is doing well, the probation officer can come back and seek a reduction, but the judge would be the one deciding that. Perhaps that could be a viable option, but case law in the Ninth Circuit encourages a division of labor between the probation officer and the district court, and here it's a very modest delegation of supervisory authority. How would it – I mean, just in your experience, how would that work practically if the probation officer had to come back to the judge and to get approval? Are there delays built into that process, or how would that end up affecting the bed space? That's another concern. These bed spaces go very, very quickly. So if the court has to – or the probation officer has to go back to the district court and seek approval, that bed space could be gone. And also important is that – We're talking about approval. The person would be in the bed space. We're talking about approval to reduce it, to let the person out. So the question is whether the probation officer has to go back to the district court to see if they could leave. Is that correct? Right. To reduce it so that the judge is making the decision about up to 12 months, but it could be reduced. Probation officer trying to get you to respond to that hypothetical. Why would that not be workable? I see that my time is up. Can I briefly respond to your question? Certainly. I think that that is certainly a possibility. However, it's not necessary under these conditions because it is such a modest delegation that's cabined 365 days. It's not necessary to impose further restrictions onto the probation officer to go back to the district court to seek further approval for something like this. Thank you, counsel. Thank you. Just briefly, the reason that this case doesn't come up very often is because we have good probation officers who want to help people and that the probationers generally know these people and they feel like they're not going to do it with the maximum. So how does it typically work? It typically works that most people will get a program about. No, no, no. What's the judge typically do at the front end, please? It is common that they will do something like this and then the reality is the probation officer won't impose here because they don't have the money. Thank you. And also you don't have any residential reentry centers in the eastern district. Right. Pretty much. Yeah. But I think the big deal is if we take this, if you rule against me on this, there are people on supervision for life. Right. Let me ask you this question. I mean, if we were to agree with your delegation argument and send it back to the district court, don't you think the probable outcome is that the district judge is going to impose a hard 365 days? And that's a risk apparently you're willing to take, but I think that's a likely outcome here. It could end up being the same thing. I don't think it would be as big and I think it would make you be somewhat more. You know, I read the transcript and, you know, it looks to me like if we send it back down to them and say, well, you unconstitutionally delegated your authorities, they're going to say, well, fine, you get 365. That is probably why people often don't appeal the issue, but that is what the Constitution requires and I trust the judges to do the right thing. You're willing to accept that risk. Yes. And I think the end result may not be that different, but he wouldn't have the hanging idea over his head, maybe I'm going to have to go in and out of programs for over the next three years. Well, if I could just take one more second on this, because that's the countervailing concern I have, because then I'm concerned that they're going to overshoot. If a judge at the front end has to guess and is concerned enough to be imposing inpatient treatment, then I would think they're going to guess on the high end. And if it's a hard and fast rule, someone who really has completed treatment is taking up bed space that somebody else needs. Yes, but it's very easy, I think, for the judge to approve just with a form to release someone from treatment. It's much harder to increase a sentence, although that's often done, too. When people have nowhere to live, they find a residential reentry. They often approve these programs informally, but it's the hanging over his head for the three years that is what upsets him. Thank you, counsel. Thank you. The case has started to be submitted for decision. Thank you both for your arguments and traveling here today.
judges: THOMAS, CHRISTEN, BRESS